THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | | |
| v. | : | Case No. 3:17-cr-142 (1) |
| PIA ALEJANDRO CAMPOS, | | Judge Walter H. Rice |
| | : | |
| Defendant. | | |

DECISION AND ENTRY OVERRULING MOTION TO MODIFY SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A) (DOC. #63) OF DEFENDANT PIO ALEJANDRO CAMPOS

Before the Court are the Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) of Defendant Pio Alejandro Campos. (Doc. #63). For the reasons set forth below, the Motion is OVERRULED.

## I.  Factual Background and Procedural History

On April 29, 2019, Defendant was sentenced to 120 months imprisonment after being convicted on one count of conspiracy to distribute and to possess with intent to distribute more than one kilogram of a mixture or substance containing heroin. (Judgment, Doc. #50, PAGEID 277-78, citing 21 U.S.C. § 841(a)(1), (b)(1)(A); First Superseding Indictment, Doc. #20). This 120-month sentence is consecutive to a twenty-four-month period of incarceration for revocation of

supervised release in another case in this Court. (*Id*. at PAGEID 278). Defendant is fifty-one years old with a present release date of January 15, 2027.[1]

On May 20, 2020, Defendant filed a request for compassionate release with his warden, who denied the request on June 15, 2020. (Doc. #63, PAGEID 367, citing Denial, Doc. #63-4, PAGEID 371). On October 15, 2020, Defendant filed the instant Motion, arguing that his combination of Type II diabetes with neuropathy, obesity, and hypertension make him particularly susceptible to contracting and developing serious complications from COVID-19, which he has already contracted once. He argues that the above constitutes an extraordinary and compelling reason supporting release. (Doc. #63, PAGEID 357-58, 360). He also claims that, given his post-sentence rehabilitation efforts, release after serving approximately five years of his twelve-year sentence is sufficient to meet the sentencing goals of 18 U.S.C. § 3553(a). Thus, he asserts, compassionate release is warranted under 18 U.S.C. § 3582(c)(1)(A). (*Id*. at PAGEID 362-63).

In its memorandum *contra*, the Government notes that the instant conviction arose from a search of his recreational vehicle revealing "almost [five] kilograms of heroin destined for delivery to the East Coast" (Doc. #64, PAGEID 375), and that this is not only his third federal drug conviction, but the second time he has been convicted of a drug crime committed while on supervised release. (*Id*. at PAGEID 376). "In short," the Government argues, "Mr. Campos' lengthy history of

---

[1] https://www.bop.gov/inmateloc/ (last accessed Aug. 27, 2024).

2

significant drug trafficking indicates that he poses a danger to the community." (*Id.* at PAGEID 378). The Government also claims that Defendant's full recovery from his April 2020 bout with COVID means that any increased susceptibility cannot be an extraordinary and compelling reason supporting release. (*Id.* at PAGEID 377). Finally, the Government asserts that, given the severity of his crime, Defendant's "release now would undermine not only respect for the law but also the need to promote general deterrents." Moreover, "Mr. Campos has served only a fraction of his sentence. Given that fact, his immediate return to the community would improperly minimize those aforementioned [18 U.S.C. § 3553(a)] sentencing considerations." (*Id.* at PAGEID 378).

Defendant responds that guidance by the Centers for Disease Control that "natural immunity" to reinfection after contracting COVID-19 only lasts for approximately three months, and, indeed, Defendant tested positive for COVID-19 again in late October 2020. (Reply, Doc. #65, PAGEID 380-81). Moreover, Defendant's recent diagnosis of sleep apnea makes him even more susceptible to serious COVID-19, and thus, vulnerability to serious COVID-19 remains an extraordinary and compelling reason for release. (*Id.* at PAGEID 381). Further, Defendant argues that his extensive post-sentence rehabilitation means he is no longer a threat to the community. (*Id.* at PAGEID 381-82).

The matter is now ripe for decision.

3

## II. Legal Standards

A district court may, in certain limited circumstances, grant "compassionate release" and modify a term of imprisonment after it has been imposed:

> [T]he court ... may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), (1) after considering the factors set forth in section 3553(a) to the extent that they are applicable, (2) if it finds that extraordinary and compelling reasons warrant such a reduction . . .(3) and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. [2]

18 U.S.C. § 3582(c)(1)(A)(i) (numeration added). Defendants seeking compassionate release may file a motion with the district court only after they submit a request to his or her warden to move for compassionate relief on their behalf and either (a) the warden denies the request, or (b) the warden does not respond within thirty days from the submission of the request. *Id.* Failure to comply with the exhaustion strictures set forth in the statute deprive a court of authority to entertain the petition. *See United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020) (internal quotation marks and citation omitted) (First Step Act's exhaustion requirement is, in essence, a "mandatory claim-processing rule[]" that, when properly invoked, courts must enforce by dismissing the motion).

---

[2] The United States Court of Appeals for the Sixth Circuit has held that the Guidelines Section 1B1.13 is not an applicable policy statement with respect to motions for compassionate release filed by prisoner defendants. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Nonetheless, the Court may look to Section 1B1.13 for guidance as to what constitutes an "extraordinary and compelling reason[.]" *Id.* at 519-20.

4

If the district court adjudges that a defendant has not met one of the elements, then it may overrule a motion for compassionate release without discussing any of the other elements. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Further, relief under the statute is wholly discretionary; even if a defendant meets all three elements of the statute, the Court may, but need not, order compassionate release. *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020).

### III. Analysis

Defendant has failed to set forth an extraordinary and compelling reason justifying release. While Defendant's health conditions making him particularly susceptible to serious COVID-19 may have been such a reason before briefing on the Motion was finished, it is no longer. Shortly after the Reply was filed on January 14, 2021, the COVID-19 vaccine began to be made widely available, including in federal prisons. "To that end, we agree with the Seventh Circuit that a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021), citing *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). *Lemons* remains good law in this Circuit, and thus, Defendant's preexisting health conditions cannot be an extraordinary and compelling reason. Defendant's Motion fails for that reason alone. *Elias*, 984 F.3d at 519.

5

Defendant's Motion would also fail even if an extraordinary and compelling reason for release existed. As the Government notes (Doc. #64, PAGEID 376), and Defendant does not dispute, his 2017 arrest was the third federal drug-trafficking arrest between 2008 and 2017. Defendant admits that he was attempting to travel almost halfway across the country to sell five kilograms of heroin (Stmt. of Facts, Doc. #34, PAGEID 116), despite being on supervised release. Defendant's conduct leads the Court to conclude that he is an ongoing threat to public safety, UNITED STATES SENT'G GUIDELINES § 1B1.13(a)(2), and that there is no condition of supervised release that can meaningfully ameliorate that threat. While threat to public safety may no longer be the sole reason for denying compassionate release, *Sherwood*, 986 F.3d at 954, it is a factor the Court may consider in concluding that a reduction of Defendant's sentence to time served and release from confinement would not serve "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense[.]" 18 U.S.C. § 3553(a)(2)(A). As Defendant has failed to satisfy the 18 U.S.C. § 3553(a) factors, his Motion must be overruled for that reason as well.

## IV. Conclusion

For the reasons set forth above, Defendant's Motion (Doc. #63) is OVERRULED.

The captioned case remains terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

IT IS SO ORDERED.

August 29, 2024

_____
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT